```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ELBERTA A. JACKSON,**

       Plaintiff,

v.                                              Civil Action No. 2:12-0099

**GANDER MOUNTAIN COMPANY**
a Minnesota corporation
licensed to do business
in the State of West Virginia and
**DANNY HURST** and
**JOHN DOE(S) AND/OR JANE DOE(S)**
Unknown employees, and
**JOHN DOE CORPORATION**
chair manufacturer,

       Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendants' Gander Mountain Company's and Danny Hurst's motion to dismiss or, in the alternative, for summary judgment, filed January 19, 2012.

I.

Plaintiff Elberta A. Jackson is a West Virginia citizen. Defendant Danny Hurst is a Kentucky citizen. Defendant Gander Mountain Company ("Gander Mountain") is a Minnesota citizen.

On November 10, 2009, Ms. Jackson visited Gander Mountain's store ("store") in Charleston, West Virginia. When Ms. Jackson attempted to sit in a chair that was on display, it collapsed. She was injured as a result.

On November 14, 2011, Ms. Jackson instituted this action. She alleges claims for (1) premises liability, (2) *res ipsa loquitur*, (3) negligence, (4) negligent hiring, (5) negligent retention, and (6) strict liability. She seeks, *inter alia*, compensatory and punitive damages.

On January 19, 2012, Gander Mountain and Mr. Hurst removed and moved to dismiss. They assert that her claims are barred by the applicable limitations period.

II.

West Virginia Code section 55-2-12(b) provides as follows:

> Every personal action for which no limitation is otherwise prescribed shall be brought . . . within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries . . . .

W. Va. Code § 55-2-12(b). The Supreme Court of Appeals of West Virginia has observed that "'The statute of limitations ordinarily

2

begins to run when the right to bring an action for personal injuries accrues[,] which is when the injury is inflicted.'" Willey v. Bracken, --- W. Va. ---, ---, 719 S.E.2d 714, 719 (2010) (quoting syl. pt. 1, Jones v. Trustees of Bethany College, 177 W. Va. 168, 168, 351 S.E.2d 183, 183 (1986)).

West Virginia Rule of Civil Procedure 6(e), however, provides, in pertinent part, as follows:

> In computing any period of time prescribed or allowed by . . . by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.

W. Va. R. Civ. P. 6(a).[1]  West Virginia Rule 6(a) has been applied to section 55-2-12 by the Supreme Court of Appeals of West

---

[1] The court notes as well the provisions of West Virginia Code section 2-2-1.  Section 2-2-1(d) provides as follows:

> In computing any period of time prescribed by any applicable provision of this code . . . , the day of the . . . event . . . from which the applicable period begins to run is not included. The last day of the period so computed is included, unless it is a Saturday, a Sunday, a legal holiday or a designated day off in which event the prescribed period of time runs until the end of the next day that is not a Saturday, Sunday, legal holiday or designated day off.

W. Va. Code § 2-2-1(d).  Section 2-2-1(e) provides materially that "rules promulgated" by the supreme court of appeals govern "the computation of periods of time . . . and the relationship of those time periods and dates to Saturdays, Sundays, legal holidays . . .

3

Virginia.  <u>Wright v. Myers</u>, 215 W. Va. 162, 163, 597 S.E.2d 295, 296 n.1 (2004).[2]

In accordance with West Virginia Rule 6(e) and <u>Wright</u>, the date of the accident, November 10, 2009, is excluded from the limitations calculation.  The two-year period commences instead on November 11, 2009.  Under the rule in <u>Wright</u>, this would have required Ms. Jackson to institute this action no later than November 11, 2011, absent some other basis in law to extend that end date.  Inasmuch as Friday, November 11, 2011, was Veteran's Day, a qualifying "legal holiday" pursuant to West Virginia Rule 6(e), the ending date for limitations purposes became "the end of the next day which is not a Saturday, a Sunday, or a legal

---

."  W. Va. Code § 2-2-1(f).  It is unclear if the Legislature contemplated that courts calculate periods of limitation with reference to section 2-2-1(d) or Rule 6(a).  Inasmuch as both provisions result in the same calculation, and that the decision in <u>Wright</u> relies upon Rule 6(a), the court need not resolve the issue.

[2] In <u>Wright</u>, the application of the rule is stated in pertinent part as follows:

> In this case, the accident underlying Ms. Wright's lawsuit occurred on August 13, 2000. Excluding the date of the accident as directed by Rule 6(a), the applicable two-year statute of limitations began to run on August 14, 2000. Thus, Ms. Wright was required to file her cause of action against Mr. Myers and Mr. Hoke no later than August 14, 2002.

<u>Wright</u>, 215 W. Va. at 163, 597 S.E.2d at 163 n.1.

holiday," which was Monday, November 14, 2011.  That is the date that Ms. Jackson instituted this action.  It is timely.[3]

It is, accordingly, ORDERED that the defendants' motion to dismiss or, in the alternative, for summary judgment be, and it hereby is, denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

                                    ENTER: April 24, 2012

                                    John T. Copenhaver, Jr.
                                    United States District Judge

---

[3] An alternate method may be said to exist for calculating a period such as that here.  Inasmuch as November 10, 2009, is not counted, the limitations period commenced at midnight on November 10, 2009.  Two years would thus have elapsed at midnight on November 10, 2011.  However, a contrary rule of decision was used in <u>Wright</u>, and that is the rule applied here.